IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN ROBERT LEIDECKER                                                                PETITIONER

VS.                                                        CIVIL ACTION NO. 5:07cv19-DCB-MTP

CONSTANCE REESE, WARDEN                                                         RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Leidecker, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition filed and the petitioner's response, this court has reached the following conclusion.

Petitioner challenges his September 14, 2000, sentencing to 120 months of imprisonment and 60 months of supervised release. The Petitioner received said sentence in the United States District Court for the Southern District of Florida (Miami Division). The petitioner states in his response [6-1] that he has not filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because he is testing the legality of the execution of his sentence.

I.  PETITIONER'S GROUND FOR RELIEF

Initially, the petitioner states that the judgment of his conviction is void. (Pet. [1-1] p. 4). In his response [6-1], Petitioner specifically asserts the following as grounds for habeas relief: (1) supervised release is being executed improperly by the Bureau of Prisons because being released on supervised released results in "double punishment"; (2) the execution of 120 months of imprisonment and then being released to another 60 months of supervised release is double jeopardy; (3) the petitioner did not receive an authorized sentence as provided for in 18 U.S.C.

§ 3551;  (4) supervised release is probation; (5) supervised release is intended to be a part of the sentence and to require serving supervised release after being released results in double punishment; (6) serving any amount of imprisonment satisfies the requirement of supervised release; and  (7) petitioner argues that the amount of time that he should serve, including good time credits, is 3 years 10 months 14 days plus 60 months of supervised release for a total of 120 months.  The Petitioner bases his conclusion that he should be granted habeas relief on the holding of the United States Supreme Court in U.S. v. Booker, 543 U.S. 220 (2005).  See Petition [1-1] filed February 8, 2007, and Response [6-1] filed March 15, 2007 .

## II. DISCUSSION

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"  Id. (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).  In Pack, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.  Clearly, the petitioner has filed the instant § 2241 petition challenging his conviction and sentence entered by the District Court for the Southern District of Florida.

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule.  The relevant portion of  § 2255, with its savings clause provides, as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is

> authorized to apply for relief by motion pursuant to this section, shall not be
>
> entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The petitioner argues that the United States Supreme Court's holding in U.S. v. Booker, 543 U.S. 220 (2005) affords him relief from his conviction and sentence imposed by the United States District Court for the Southern District of Florida. The Fifth Circuit has specifically held that Booker is not retroactively applicable on collateral review and it does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255. Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). Additionally, the Petitioner fails to affirmatively show that relief pursuant to 28 U.S.C. § 2255 is inadequate and ineffective. See Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000) ).[1] Since the petitioner is challenging the validity of his conviction and sentence in the instant petition and since he fails to satisfy the requirement of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition.

Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of the case. Thus, this petition must be dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. See Pack v. Yusuff,

---

[1] Clearly, a petition filed pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate pursuant to 28 U.S.C. § 2255. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citations omitted).

218 F.3d 448, 454-455 (5th Cir. 2000).

### III. CONCLUSION

For the reasons discussed in this memorandum opinion and order, the Court finds that it is without jurisdiction to consider the § 2241 petition brought by Leidecker. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue, and without prejudice regarding all other issues.

SO ORDERED, this the   10th   day of   May   , 2007.

                                     s/ David Bramlette   
                              UNITED STATES DISTRICT JUDGE